UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF HASSIBA BELBACHIR, Deceased, by ABDELKADER RACHID BELBACHIR, Administrator, | ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 08 C 50193 |
| v. | ) ) | Judge Philip G. Reinhard (Magistrate Judge P. Michael Mahoney) |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF
THE UNITED STATES' MOTION TO DISMISS**

The United States of America, by its attorney Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, replies to plaintiff's response to the United States of America's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as follows:

**The Documents Submitted With the Motion to Dismiss Are Central to Plaintiff's Claims.**

Documents that are referred to in the complaint and that are central to a claim may be considered to be part of the complaint even if not actually attached to the complaint. *Rosenblum v. Travelbyus.com, Ltd.,* 299 F.3d 657, 661 (7th Cir. 2002); *Venture Associates Corporation v. Zenith Data Systems Corporation*, 987 F.2d 429, 431 (7th Cir. 1993). Where a plaintiff repeatedly quotes from and refers to a document in the complaint, such documents are central to the claim. *See Wright v. Associated Insurance Companies Inc.* 29 F.3d 1244, 1248 (7th Cir. 1994). When a document may properly be considered, the actual document will override inconsistent descriptions of the document alleged in the body of the complaint. *See Rosenblum*, 299 F.3d at 661 (quoting 5 Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 1327 at 766 (1990)).

While in *Levenstein v. Salafsky*, 164 F.3d 345,347 (7th Cir. 1998), the Seventh Circuit held that the exception set out in *Wright* is a narrow exception aimed at interpreting, *for example*, a contract (emphasis added). In *Tierney v. Vahle*, 304 F.3d 734, 739 (7th Cir. 2002), the Court explained that "the scope of the exception . . . is uncertain; perhaps it is or should be limited to cases in which the suit is on a contract or the plaintiff, if he has not attached, has at least quoted from the document later submitted by the defendant." Furthermore, the court is not bound to accept the plaintiff's allegations as to the meaning, and more importantly the effect of the Office of Detention and Removal Operations Detention Management Standards Annual Reviews (the "Annual Reviews"), but can independently examine the documents and form its own conclusions as to the effect of the documents based upon an accurate reading of their content. *See McCready v. Ebay, Inc.*, 453 F.3d 882, 891-91 (7th Cir. 2006).

Plaintiff correctly points out that the purpose of this exception is to ensure that undeserving parties do not survive a motion to dismiss "by artful pleading or failing to attach relevant documents." *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). This complaint is artful. This artifice is displayed very succinctly at page 4 of his Response Memorandum where plaintiff summarizes his complaint at paragraphs 12-23. There plaintiff refers to, and relies upon a 2002 Annual Review, ignores the intervening 2003 Review giving an Acceptable rating, and incorrectly reports the findings of the 2004 Review also rating the jail Acceptable. It would serve no purpose for the court to decide upon this Motion to Dismiss using incorrect factual allegations about the content of the reviews.

Plaintiff disputes the validity of the findings contained in the 2004 Annual Review based upon a later Inspector General's Report. Even were the validity of the findings in the 2004 Annual

Review in question, this would not prevent the court from relying upon these documents for the purposes of this Motion to Dismiss. This is because despite the possibility that the findings presented in those reports were in error or incorrect, it is those findings upon which employees of ICE were on notice as they made their decision to use McHenry County Jail. Therefore, the court must know with precision what the findings in those annual reviews were since they are central to plaintiff's claims against the United States. The reviews establish the ongoing connection between Federal government employees and Ms. Belbachir's custodians, and define what ICE officials had knowledge of — that McHenry County Jail was rated Acceptable.

**The Contractor Exception Bars the Claim**

Plaintiff claims that the contractor exception does not bar his claim because the United States retains control and supervision over the detention facilities where immigration detainees are placed and therefore, an agency relationship exists between the United States and McHenry County and Centegra. Yet plaintiff directs the court's attention to nothing beyond this conclusion, to establish that the United States supervised the day-to-day operations of the jail.

Contrary to plaintiff's assertion, the facts of *Logue v. United States*, are not remarkably similar to this case. Logue was arrested on a federal warrant and transported to a county jail to await trial. The next day Logue attempted suicide by slashing his veins and was taken immediately to the emergency room. Based upon the recommendations of a treating psychiatrist Logue was ordered to be transferred to a federal medical facility. Deputy United States Marshal Bowers took Logue back to the county jail pending transfer, informed the jailer of Logue's suicidal tendencies, and made arrangements for a special cell with all dangerous objects removed. Marshal Bowers did not make specific arrangements for constant surveillance of Logue.

The Supreme Court concluded that the state jail was an independent contractor, not an agent or employee of the United States for purposes of the FTCA and, in reaching this conclusion, explained that even though the United States retained the right to inspect the jail and demand compliance with various regulations of the Bureau of Prisons, these factors did not transmute the jail into an agent of the United States nor the jailors into employees of the United States because the United States had "no authority to physically supervise the conduct of the jail's employees." *Logue v. United States,* 412 U.S. 521, 530 (1973). As to the actions of Marshal Bowers, the Supreme Court remanded the case for *consideration* of the liability of the United States insofar as it may be based upon the negligence of Deputy Marshal Bowers. *Id*. at 533. Marshal Bowers' duty of care would have been measured under 18 U.S.C. § 4042. *United States v. Muniz*, 374 U.S. 150, 164-65 (1963).

*Meckley* and *Sandoval* simply have nothing to do with the question of control and the applicability of the contractor exception. Plaintiff cites to *Meckley v. United States*, 961 F.2d 211 (4th Cir. 1992) to support his argument that the United States had charge of the work of McHenry County and Centegra Officials. However, *Meckley* merely held that Ms. Meckley could proceed with her Prisoner claim under the FTCA because it had an arguable basis in law or fact. In fact the court explained in a footnote that her claim may not survive district court review because the district court may find an exception to the FTCA applicable to the case, that exception being—the contractor exception. *Id.* at fn.2.

*Sandoval v. United States*, 980 F.2d 1057 (5th Cir 1993), another Prisoner claim held that Sandoval could proceed under the FTCA in district court to determine whether there was government liability under the FTCA for the alleged negligence of a United States Marshal for placement of Sandoval in a county jail where he was later beaten by a fellow inmate. Again, *Sandoval* provides

4

no support for the argument that the United States had charge of the work of McHenry County and Centegra Officials. *Sandoval* simply remanded the same issue as the *Logue* court did—whether the United States was liable under the FTCA for the acts of a federal employee.

*Dugan v. Coastal Industries and the United States*, 96 F.Supp.2d 481 (E.D.Pa. 2000) did not, as plaintiff characterizes it, hold that the contractor exception did not apply to a slip and fall because the United States was responsible for inspection and supervision. Instead, in the context of a motion to dismiss, the court held that because on the face of the contract the United States had the responsibility to require the contractor to perform any *ad hoc* duties not specifically delegated such as cleaning up spills and water accumulations, the United States supervised day-to-day operations of the contract in this respect and the contractor exception of the FTCA did not apply. The contract in this case would not support such a finding.

Finally, *Damnjanovic v. United States*, 9 F.3d 1270, 1272 (7th Cir. 1993) has nothing to do with the applicability of the contractor exception. In its opinion, the Seventh Circuit addressed the question whether the United States was liable under the Illinois Structural Work Act which regulates the use of certain equipment in construction projects. For that reason, the court was addressing whether the United States "had charge of" the construction project. The court was not addressing whether the United States "had charge of" the contractor of the project to determine the question of application of the contractor defense.

**The Claim is Barred by the Discretionary Function Exception.**

Plaintiff has not identified a statute, regulation, or policy which operated as a mandatory directive to ICE employees that they enforce and ensure compliance by non-federal facilities with each of the 38 Detention Standards or shut them down. Neither has plaintiff identified any

mandatory directive that controlled the manner in which they enforced compliance. Plaintiff points to the individual language of one of the 38 detention standards and argues that because it contains the word "will" that the Detention Standards are mandatory. This simplistic analysis does nothing to reconcile the fact that there are 38 individual standards that comprise the Detention Standards, that the facility is inspected as to all of them, and that at the discretion of ICE officials and employees the facility may be rated acceptable even when it does not achieve an acceptable level on all of the standards. Nothing in the Detention Standards sets out a mandatory response to a finding by ICE DRO reviewers that the facility was not operating at the "Acceptable" level for any of the 38 standards. Plaintiff has not identified in what way the ICE DRO officials acted or failed to act in accordance with a specific mandatory directive that required them to take a specific action. Plaintiff is unable to do so because the ICE DRO review process involves the element of judgment or choice by federal employees.

Plaintiff relies on *Parrot v. United States*, 536 F.3d 629 (7th Cir. 2008), where the Seventh Circuit remanded a case for a determination whether a BOP separation order was in effect. Although on review in *Parrot* the existence of the order had not yet been established, had such an order been in effect, it would have eliminated the normally available option for BOP officials to exercise judgment or choice in the placement of prisoners. Placement of prisoners in the same recreation area when they were classified in a "separation" status from each other directly violated specific BOP regulations and orders. The court's conclusion that a mandatory action was required of BOP employees was the product of evidence in that case that a federal regulation, 28 C.F.R. § 524.72(f), prohibited such inmates from being confined together. *Parrot*, 536 F.3d at 631-32. The court held that if a separation order was in effect, then BOP officials could not exercise judgment or choice and

the plaintiff's FTCA claim for failure to protect would not be barred by the discretionary function exception. *Id*. at 637-38. The case was remanded to resolve whether a separation order was in effect. The Review process under the ICE Detention Standards does not contain any language or provision of this type that eliminates the elements of judgment and choice in the conduct of reviews and the decisions made as a result of the reviewer's findings.

In *Palay v. United States,* 349 F.3d 418 (7th Cir. 2003), a federal BOP criminal detainee brought negligent reassignment and failure to protect claims against the United States. The court held that a dismissal under Rule 12(b)(6) was premature, because with only the plaintiff's complaint to base the decision upon, the court could not determine what the policy concerning reassignment in fact was, and whether the employee who took the action occupied the required status of a decision-maker charged with making policy-related judgments that qualify for the discretionary function exception. *Palay*, 349 F.3d at 429-30. Thus, the need for further development. However, the Annual Reviews referenced in and central to this complaint, make clear that the ICE DRO Detention Standards did not prescribe a non-discretionary or mandatory course of conduct for ensuring compliance with the 38 ICE Detention Standards, such as a requirement that all standards be rated "acceptable" before detainees could be housed at the facility.

*Coulthurst v. United States*, 214 F.3d 106, 109-11 (2nd Cir. 2000) is distinguishable. There a federal prisoner was injured by a machine directly under the control of federal employees and subject to inspection to ensure the machines safe operation. This is not a case where the direct injury causing mechanism is subject to inspection by federal employees, who through inspection are required to ensure the machine operates properly. Here, an entire program within a non-federally managed facility, is the subject of the ICR DRO Detention Standards review process. Furthermore,

7

*Coulthurst* is from the Second Circuit. In the Seventh Circuit the focus is on the nature of the decision, not the basis of a specific decision. *See, e.g. Collins v. United States*, 2007 WL 2893690 and *Cassens v. St. Louis River Cruise Lines, Inc.*, 44 F.3d 508 (7th Cir. 1995).

**The United States Has Violated No Applicable Duty Under State Law**

If the duty of care to be applied in this case is that which is due to federal prisoners, then Congress has established a statutory duty of care. Title 18 U.S.C. § 4042 requires the "exercise of ordinary diligence" to keep inmates safe from harm." *Id.* Federal courts have construed this statute to include the duty to provide adequate medical care to all federal inmates. *See Gil v. Reed*, 2006 WL 42344 (W.D. Wis. 2006). The Bureau of Prisons owes a duty to provide federal prisoners with "safekeeping, care, and subsistence" independent of any inconsistent state rule governing the duty of care owed by state correctional officials to state prisoners. 18 U.S.C. § 4042(2); *see also United States v. Muniz*, 374 U.S. 150, 164-65 (1963). If the duty in this case is determined to be the same for a federal detainee and for federal prisoners, then *Muniz* makes clear that 18 U.S.C. § 4042 establishes the duty of care and the United States may not avail itself of the immunity provided by state law to public employees. *Id*.

Plaintiff however, has alleged that Ms. Belbachir was in need of immediate medical care, and employees of the United States "willfully and wantonly" failed to take reasonable action. Thus, if plaintiff does not concede that 18 U.S.C. § 4042 established the duty of care owed by ICE DRO officials, then the court should look to the appropriate state law for the standard. That law would be the statute that dictates the duties of jailers in Illinois. As such, liability can only exist when a jailer fails "to furnish or obtain medical care for a prisoner in his custody" when the plaintiff shows that the jailer knew "from his observation of conditions that the prisoner is in need of immediate

Case: 3:08-cv-50193 Document #: 25 Filed: 01/23/09 Page 9 of 9 PageID #:242


medical care, and, through willful and wanton conduct, fails to take reasonable action to summon medical care." 745 ILCS10/4-105.

As *Estate of Carlock, Jr. v. Williamson*, 2008 WL 5070280 (C.D. Ill. 2008) makes clear where the plaintiff fails to allege that a defendant personally observed the inmate in need of immediate care, the defendants are immune from liability under 745 ILCS 10/4-105. *Carlock* at *3. Plaintiff's recitations at page 15-16 of his Response do not point out a single allegation that would be sufficient to allege personal observation of the inmate in need of immediate care, particularly in light of the passage of eight days from the time federal employees had contact with Ms. Belbachir, and the date of her suicide, as established by the allegations of the complaint. Absent such knowledge, ICE employees are immune under Illinois Law, and the complaint fails to state a claim upon which relief may be granted.

## Conclusion

For the foregoing reasons, plaintiff's claim against the United States should be dismissed.

Respectfully Submitted,

PATRICK J. FITZGERALD
United States Attorney

By:     s/ Monica V. Mallory
MONICA V. MALLORY
Assistant United States Attorney
308 W. State Street, Suite 300
Rockford, Illinois 61101
(815) 987-4444 / Fax (815) 987-4236
monica.mallory@usdoj.gov