**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ESTATE OF HASSIBA BELBACHIR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08 C 50193** |
| **vs.** | ) | |
| | ) | **Judge Philip G. Reinhard** |
| **UNITED STATES,** | ) | |
| | ) | **Magistrate Judge P. Michael Mahoney** |
| **Defendant.** | ) | |

**PLAINTIFF'S *VERIFIED* MOTION TO COMPEL UNITED STATES**
**TO FULLY ANSWER PLAINTIFF'S DISCOVERY AND**
**PRODUCE DEPONENT DAN YOUNG**

Plaintiff Estate of Hassiba Belbachir, through its counsel, moves this Court pursuant to

Federal Rule of Civil Procedure 37 and Local Rule 37.2, to enter an order compelling the United

States to fully answer Plaintiff's discovery and produce Office of Inspector General employee

Dan Young for his deposition, and in support states:

1. On September 30, 2009, Plaintiff served its First Set of Interrogatories and Request to

Produce Documents on the United States, and on October 30, 2009, the United States served

initial responses.

2. On December 9, 2009, Plaintiff first formally requested through electronic mail that

counsel for the Defendant United States produce Office of Inspector General employee Dan

Young for deposition. Plaintiff identified Dan Young of the Inspector General's Office as having

information regarding the circumstances leading up to and following the death of Ms. Belbachir

in Plaintiff's 26(a) disclosures in *Belbachir v. McHenry County, et al.,* No. 06 C 1392 on

November 8, 2006.

1

3. Pursuant to Fed. R. Civ. P. 37 and Local Rules Plaintiff sent letters on November 12, 2009; December 11, 2009; December 17, 2009 and January 15, 2010, in an effort to resolve outstanding discovery issues.

4. On February 11 and 23, 2010, counsel for the United States supplemented its disclosures via letter and the production of additional documents.

5. The parties commenced oral discovery and Plaintiff deposed the following employees of the United States: Dan Rodriguez, Sean Nagel, Brent Kreihn (commenced and continued), James Bond and Michael Boland, and have scheduled the continuation of Brent Kreihn and Chris McDaniels.

6. On April 16, 2010, and April 21, 2010 Plaintiff wrote additional letters pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2 in an effort to resolve all outstanding fact discovery issues by the June 1, 2010 cut off.

7. On April 23, 2010, Defendant United States served a First Supplement to their interrogatories and document production. (See United States' Response to Plaintiff's First Set of Interrogatories First Supplement attached as Exhibit A and United States' Response to Plaintiff's First Request for Production of Documents First Supplement attached as Exhibit B)

8. On April 26, 2010, Defendant United States responded to the outstanding issues raised in Plaintiff's April 16th Rule 37 letter and although acknowledging Office of Inspector General employee Dan Young was an investigator after the death of Ms. Belbachir, for the first time indicating that Mr. Young would not be produced for his deposition despite Plaintiff's efforts over the preceding four months to schedule his deposition. (See U.S. attorney letter of 4/26/10 attached as Exhibit C)

9. On May 14, 2010, Plaintiff again wrote to the Defendant United States pursuant to Rule 37 and Local Rule 37.2 in an effort to resolve discovery issues that remain outstanding and requested response by May 20, 2010. (See April 21, 2010 and May 14, 2010 letters attached as Group Exhibit D)

10. On the May 25th telephone status conference call with the court, counsel for the United States acknowledged that she owed Plaintiff responses to both letters attached as Exhibit D, and also indicated that she intended to respond to Plaintiff's specific concerns about the need for the deposition of Mr. Young.

11. However, now that two weeks have passed, Plaintiff has not received a response by letter, telephone call or electronic mail from the Defendant United States on any of the issues raised in Exhibit D, which summarizes the remaining outstanding issues that are the subject of this instant motion to compel, including the need to proceed with the deposition of Mr. Young.

12. The following discovery issues remain outstanding between the Plaintiff and Defendant United States:

   a.     **Deposition of Dan Young**

Dan Young is an agent and employee of the United States. The United States identified him as one of the individuals who assisted in providing information for the answers to interrogatories. (See Exhibit A, p. 3, answer ¶1) Further, Dan Young was identified as an "OIG Inspector" by the United States. (Exhibit A, p. 6, answer ¶8) Mr. Young was identified as an investigator after the death of Ms. Belbachir. (Exhibit C, p. 2) The Department of Homeland Security's Office of Inspector General conducted an investigation which began immediately following Ms. Belbachir's death, which included interviews with employees of McHenry

County, Centegra, ICE, and Stone Park Police Department and accumulated multiple relevant documents, and which concluded in a nine page Report of Investigation. The investigation resulted in the following determination:

> that there was a lack of communication between ICE (Immigration and Customs Enforcement), MHCCC (McHenry County Correctional Center) and the contract health provider, Centegra Health system, concerning Ms. Belbachir's condition. This communication lapse may have negatively impacted the ability of the staff to implement safeguards to ensure the safety of a detainee who has suicidal ideations
>
> The OIG investigation failed to disclose the existence of a written suicide policy for the MHCCC, as is required by ICE.

(See redacted report received pursuant to Plaintiff's Freedom of Information Act Request, Bates stamp P. 1389-97,*1397 attached as Exhibit E).

While the OIG report is undoubtedly admissible under Rule 803(8), Federal Rules of Evidence, certain inquiries are warranted concerning the investigative process to establish, *inter alia,* the investigation's legal authority, its credibility, and whether there was any bias during the investigation and preparation of the report. *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153 (1988). Further, a deposition is required in order to establish foundation and to perfect any impeachment of defendants and other witnesses concerning what was told to investigators. *Id.* There is no legitimate justification— nor has defense counsel offered any justification— for not proceeding with Mr. Young's deposition.

**b.      Video of Ms. Belbachir at Broadview**

The United States identified a witness who indicated that a copy of "the video recording made at BSSA (Broadview Service Staging Area) while Ms. Belbachir was at BSSA was

preserved on disk at the request of a supervisor." (See Exhibit B, p. 13, answer ¶21) However,

defense counsel asserts that after she inquired and searched, including communicating with Dan

Young, she found no such disk. (Exhibit B, p. 14, answer ¶21) Plaintiff has repeatedly requested

that the Defendant United States identify within whose custody any video of Ms. Belbachir was

and when, including the last known custodian; whether or not it was ever downloaded to a disk;

an explanation and specified date when any such video or downloaded information was lost,

misplaced or destroyed and any applicable maintenance, retention or destruction policies. (See

Exhibit D, Letter of 5/14/10, p. 1) Plaintiff is entitled to a copy of the requested video or a

thorough explanation for Defendant's inability and failure to produce it, in order for Plaintiff to

properly discover the complete circumstances surrounding this missing evidence.

      c.      **Policy and Training Documents**

Although the United States has provided some policy and training documents, counsel

objected to certain requests, including policies regarding consular notification. (See Exhibit B, p.

8, answer ¶13; p. 14, answer ¶23; p. 15-16, answer ¶¶26-27). Based on previous substantive

rulings in this matter, this objection must be overruled. Judge Reinhard's order denying the

United States' motion to dismiss specifically acknowledged that Plaintiff "alleges two types of

negligent acts or omissions by U.S. agents and employees." (Dkt. 29, p. 2, N.D. Ill., J. Reinhard,

5/21/09) The first type involves conduct by agents who had actual contact with Ms. Belbachir

and the second type involves negligent conduct relating to federal oversight of Broadview and

McHenry County Jail "concerning the lack of required suicide assessment, prevention and

intervention policies and training." *Id.* Although the United States supplemented its initial

complete and remedied its total failure to respond, the response is still not complete. Plaintiff is

entitled to any and all responsive documents, and the relevancy objection of the United States

must be overruled.

### d.     Federal Employee Personnel File and Disciplinary Histories

In Request ¶38, Plaintiff sought the complete personnel files for all relevant United States

employees, including, *inter alia,* documents reflecting training, performance and discipline.

Relevant employees include anyone who had contact with Ms. Belbachir or was responsible for

supervising her case. Plaintiff further narrowed the scope of this request by specifically

identifying ten employees who had particular responsibility and/or contact with Hassiba

Belbachir or her case. (Exhibit D, Letter of 4/21/10, p. 4) Personnel files, such as those sought by

Plaintiff, are routinely produced in *Monell* cases, as exemplified in *Vodak v. City of Chicago*,

2004 U.S. Dist. LEXIS 8235, *15-16 (N.D. Ill.):

> [T]he personnel files and complaint histories of defendant officers are relevant in
> §1983 actions involving police misconduct, particularly where, as here, plaintiffs
> allege a Monell policy, practice and custom claim against the municipality. See
> Langford v. City of Elkhart, 1992 U.S. Dist. LEXIS 20211, 1992 WL 404443
> (N.D. Ind. April 21, 1992) (noting that municipal policy claims allow a broad
> inquiry into police practices and procedures, citizen complaints, similar incidents,
> and internal disciplinary actions "extending well beyond the immediate
> circumstances surrounding plaintiffs' arrests."); Gibson v. New York City Police
> Officer Carmody, 1990 U.S. Dist. LEXIS 4720, 1990 WL 52272 (S.D.N.Y. April
> 19, 1990); Hall v. Helms, 118 F.R.D. 51, 53-54 (W.D. N.C. 1987); Scouler v.
> Craig, 116 F.R.D. 494 (D. N.J. 1987). Moreover, disciplinary records containing
> any similar factual allegations may be relevant and admissible under Rule 404(b)
> to prove motive, intent, and/or modus operandi. See Okai v. Verfuth, 275 F.3d
> 606 (7th Cir. 2001); Treece v. Hochstetler, 213 F.3d 360, 363 (7th Cir. 2000);
> Wilson v. City of Chicago 6 F.3d 1233 (7th Cir. 1993); see also Edwards v.
> Thomas, 31 F. Supp.2d 1069 (N.D. Ill. Jan. 7, 1999).

This court ordered the production of the personnel files for all McHenry County defendants in

*Belbachir v. McHenry County, et al.,* No. 06 CV 1392, Dkt. 157-2, 8/17/07, p. 2) Although

Plaintiff does not specifically bring a *Monell* claim here, the requested documents are equally

relevant to the negligent oversight claims recognized by Judge Reinhard. (Dkt. 29, p. 2, N.D. Ill.,

J. Reinhard, 5/21/09)  This court should order the production of the personnel files of the ten

specifically identified federal agents and employees.

       e.        **Inspections, Evaluations and Audits**

Plaintiff requested documents related to any such inspections of McHenry County Jail of

which federal officials were aware, and the United States objected on relevancy and vagueness

grounds. (Exhibit B, p. 9, answer ¶14). Plaintiff's request is neither irrelevant nor vague. Plaintiff

identified various specific agencies, including the Illinois Department of Corrections, the United

Nations High Commission on Refugees and the ABA Immigration Section which conducted

such inspections or audits. The United States should produce any such document in their

possession or of which they were aware.

       f.        **Correspondence with McHenry County**

Plaintiff requested documents concerning correspondence or communications regarding

the acceptance or transfer of immigration detainees to McHenry County Jail or the expansion of

McHenry County Jail to accommodate immigration detainees. (Exhibit B, p. 6, answer ¶7; p. 18,

answer ¶34) The United States posed a wholly unsubstantiated relevancy objection and failed to

respond to Plaintiff's offer to further narrow the request in scope limited documents dated 2002

through 2005. (See Exhibit D, 4/21/10 letter, pp. 2 and 3). Communication between these

agencies is directly relevant and material to these cases, particularly in light of the OIG report

determination that communication among federal employees, McHenry County and Centegra

was problematic and jeopardized the safety of suicidal detainees. (Exhibit E, P. 1397) The United

States should be ordered to produce any responsive documents.

### g. ICE detainee grievances

Plaintiff seeks any grievances in the possession of the United States from ICE detainees held at the McHenry County Jail. (See Exhibit B, p. 18, answer ¶36) Again, the United States maintains a relevancy objection despite Plaintiff's efforts to further narrow the request. (See Exhibit D, 4/21/10 letter, p. 3) This court ordered McHenry County to produce similar documents in *Belbachir v. McHenry County,* No. 06 C 1392, Dkt. 99, J. Mahoney, 5/14/07, and this court should order the Defendant United States to produce any ICE grievances here.

### h. Compliance with Disability Law

Plaintiff requested any documents related to the United States' compliance with federal disability law. (See Exhibit B, p. 18, answer ¶35) Again, the United States maintains a relevancy objection despite Plaintiff's efforts to narrow the request. (See Exhibit D, 4/21/10 letter, p. 3) And again, these documents go to the negligence claims that Plaintiff brings against the United States.

### i. Certain Sequential Bate Stamped Documents

The United States produced bate stamped documents including this case number "50193 08" to Plaintiff, numbered 1 through 2944. However, not every document within the sequence was produced. When Plaintiff's counsel inquired, counsel for the United States indicated that certain documents were being withheld, although bate stamped in sequence with documents produced in this case. (Exhibit D, 5/14/10 letter, p. 1) Defense counsel further indicated that documents that were subject to a claimed privilege as well as documents produced under previous bate stamp numbers or by other parties would not be produced. Counsel for the United

States has not identified these documents, indicated what privilege she is asserting, nor has she provided the required privilege log. If a document was bate stamped relative to this case it should be produced or be specifically identified on a privilege log.

### j.    All Responsive Documents Must be Produced

Defendant United States has tendered documents with the caveat that such production only includes documents as maintained in files of Chicago Offices.(See, e.g., Exhibit B, p. 3, answer ¶1 "maintained in the files of ICE Chicago Detention and Removal Operations Office;" p. 5, answer ¶5; p. 10, answer ¶17 "as maintained by the DHS Chicago Office of Inspector General;" p. 11, answer ¶18; p. 14, answer ¶23) Federal employees located in other locales, including Washington, D.C. were involved in supervising and investigating Ms. Belbachir's case and subsequent death. Plaintiff requested and should receive all responsive documents. (Exhibit D, 4/21/10 letter, p. 2)

### k.    Investigation Continues

In discovery answers, Defendant United States repeats the phrase "investigation continues." (See Exhibit B, e.g. answers ¶¶ 8, 9, 10, 16-20, 24, 25, 28-30 and 32) Plaintiff again repeatedly requested, without response, that the United States complete its investigation and provide all responsive documents. (Exhibit D, 4/21/10 letter, p. 3; 5/14/10 letter, p. 1) This phrase is an improper discovery response, and Plaintiff is entitled to receive all responsive documents well in advance of the discovery cut off deadline. See, e.g., *Johnson v. Kakvand,* 192 F. 3d 656 (7th Cir. 1999)(a party's use of "investigation continues" was seen as part of its strategy to "resist and frustrate discovery"); *Donnelly v. NCO Fin Sys,* 263 F. R. D. 500 (N.D. Ill. 12/16/09)(plaintiff entitled to all documents in time to review them well in advance of discovery

close); *Happel v. Wal-Mart,* 2006 U.S. Dist. LEXIS 10837 (N.D. Ill. 3/8/06)("Investigation continues" is not a final or responsive discovery answer).

13. The Federal Rules of Civil Procedure contemplate "full and equal mutual discovery in advance of trial" to prevent surprise and prejudice. 4 Moore, Federal Practice, P 26.02[2] at 1034. Rule 26 has a particular purpose: to create a procedure designed to reduce the possibility of surprise. *Hickman v. Taylor*, 329 U.S. 495 (1947), to make of trial less a game of "blind man's bluff" and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958). A trial is not a sporting event, and discovery is founded upon a policy that the search for truth should be aided. *Tiedman v. American Pigment Corp.*, 253 F.2d 803 (4th Cir. 1958). See, e.g., *Fultz v. Federal Sign*, 1995 U.S. Dist. LEXIS 1982 (N.D. Ill.) (denying claim of privilege, ordering witness to answer deposition questions, finding that it would be "unfair advantage" to permit assertion of privilege to prevent opposing party from discovering facts about an investigation when the investigation is to be used at trial as a defense to defeat those allegations).

14. Where one party fails to respond to a discovery request or that party's response is "evasive or incomplete, " a motion to compel complete responses is appropriate. Rule 37, Fed. R. Civ. Proc.

15. This Court has broad discretion in resolving discovery issues. *Patterson v. AveryDennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). District courts generally exercise this discretion liberally interpreting the rules of discovery [*Wilstein v. San Tropia Condominium Master Association*, 189 F.R.D. 371, 375 (N.D. Ill. 1999)], given that the search for the truth requires a broad scope of discovery. *Tice v. American Airlines, Inc.*, 192 F.R.D. 270, 272 (N.D.

Ill. 2000). Significant restrictions on the discovery process are not favored. *Rubin v. Islamic*

*Republican of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004).

16. The undersigned counsel certifies under penalty of perjury that the foregoing is true

and correct.

WHEREFORE, Plaintiff urges this Court to enter an order compelling the United States

to fully answer Plaintiff's Interrogatories and Requests to Produce and produce Mr. Dan Young

for his deposition, as specified in this motion. Plaintiff also seeks the attorneys fees and costs

incurred in the preparation and presentation of this motion.

Dated: June 8, 2010

<div style="margin-left: 40%;">

/s/ Janine Hoft
Janine Hoft
Jan Susler
People's Law Office
1180 N. Milwaukee Ave.
Chicago, Il. 60622
773/235-0070

Attorneys for Plaintiff

</div>