IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **ESTATE OF HASSIBA BELBACHIR** Deceased, by ABDELKADER RACHID BELBACHIR, Administrator,<br>       Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br>       Defendant. | Case No. 08 C 50193<br><br>Judge<br>Phillip Reinhard<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

**I.**	**Introduction**

This is a Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., case brought by the estate of Hassiba Belbachir alleging that officials, agents, or employees of the United States of America proximately caused the death of Ms. Belbachir through negligent actions or omissions. Hassiba Belbachir was a foreign national of Algerian descent who on March 8, 2005 was denied re-entry into the United States at O'Hare airport, taken into custody, and ultimately detained in the McHenry County Jail. On March 17, 2005, while in the custody of the United States, Ms. Belbachir committed suicide in her detention cell. The complaint alleges that agents of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), and Office of Detention and Removal ("DRO") proximately caused Ms. Belbachir's death through direct negligent acts or omissions. Plaintiff further alleges that the United States engaged in conspiratorial acts constituting negligence in oversight, policy implementation, and training at the Broadview Service Staging Area and McHenry County Jail that proximately caused Ms. Belbachir's death.

**II.     Background**

The United States moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the FTCA's contractor exception, 28 U.S.C. § 2671, and discretionary function exception, 28 U.S.C. § 2680(a), bar Plaintiff's claim.  Judge Reinhard denied the United States' motion to dismiss while acknowledging two types of negligent acts or omissions alleged by Plaintiff: (1) that ICE agents who had contact with Ms. Belbachir failed to properly assess her, failed to communicate information necessary for her care, and inadequately screened her; and (2) negligence related to oversight of the detention facilities concerning suicide assessment, prevention, and intervention policies.  *Estate of Hassiba Belbachir v. United States*, No. 08-C50193, at 2 (N.D. Ill. May 21, 2009) (Crt. Doc. 29).  Judge Reinhard indicated Illinois tort law governs the issue of whether the breach of duties was the proximate cause of Ms. Belbachir's death and noted that proximate cause is generally an issue of fact.  (*Id.*)

The United States then answered the complaint and discovery commenced in June, 2009.  Plaintiff served its First Set of Interrogatories and Request for Production of Documents ("Request for Production") on September 30, 2009.  Having received partial responses from the United States, Plaintiff, on December 9, 2009, formally requested that the United States produce Office of Inspector General employee Dan Young for a deposition.  The parties exchanged letters and discovery responses between December, 2009, and April, 2010, in an effort to resolve outstanding discovery issues.  In a letter dated April 26, 2010, the United States stated that Agent Young would not be produced for a deposition.  (Pl's. Mot. Ex. C.)  Plaintiff sent an additional letter to the United States regarding outstanding discovery issues on May 14, 2010.  (Pl's. Mot. Ex. D.)  Two weeks after a May 25, 2010 discovery status conference call with the court,

Plaintiff had not received responses and filed a motion to compel regarding eleven distinct issues.

Plaintiff brought this Rule 37 motion to compel the United States to fully answer its outstanding discovery requests and produce deponent Dan Young ("Motion to Compel"). Rule 26(b) states "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Fed. R. Civ. P.* 26(b)(1). Requests for discovery are relevant if there is a reasonable possibility that the information sought would lead to relevant material. However, the court must limit discovery if it finds "the burden or expense of the proposed discovery outweighs its likely benefit." *Fed. R. Civ. P.* 26(b)(2)(C)(iii). The court must essentially conduct a balancing test weighing the value of the material sought against the burden of providing it. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-82 (7th Cir. 2002). Taking into consideration the above factors, the court has evaluated Plaintiff's outstanding discovery requests as described in its Motion to Compel.

### III. Plaintiff's Motion to Compel Discovery

#### a. Deposition of Dan Young

Plaintiff is proceeding concurrently with a case against McHenry County and numerous defendants in their individual capacities based on the same set of facts. *Belbachir v. County of McHenry, et al.,* No. 06-CV-01392 (N.D. Ill. filed Mar. 14, 2006). It was in that case that Plaintiff first issued a subpoena seeking a deposition from Agent Young, which was denied by DHS pursuant to its *Touhy* regulations in a letter dated March 18, 2009. On June 18, 2009, the court consolidated this case into the *County of McHenry* case for discovery purposes only. On December 9, 2009, Plaintiff again requested that the DHS produce Agent Young for a deposition

in relation to this case. The United States denied the request in its April 26, 2010 letter by providing responses with respect to each case. (Pl's. Mot. Ex. C.)

In *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994), the Seventh Circuit held that subpoenas requesting information from an executive department are treated as administrative demands, and as such, are subject to judicial review with three procedural limitations. *See also Barnett et al. v. Illinois State Bd. of Elections et al.*, No. 02-C2401, 2002 WL 1560013, 2002 U.S. Dist. LEXIS 12908, at *3–4 (N.D. Ill. July 2, 2002) (Reinhard, J.). First, the action has to be an [Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*,] claim directed at the agency, the United States, or the employee thereof. *Edwards*, 43 F.3d at 316. "Second, the review action must be in federal court pursuant to 5 U.S.C. § 702, rather than in a state court that lacks jurisdiction." *Id*. "Finally, the government must not have waived its sovereign immunity." *Id*.

In *Barnett*, the district court made clear that a motion to compel directed against a federal agency satisfied the requirement from *Edwards* that the action be an APA claim. *Barnett*, 2002 U.S. Dist. LEXIS 12908, at *4. The court emphasized, "The bottom line in this case, no matter how the parties get there, is that the Department's refusal to comply with plaintiffs' subpoena, which was made pursuant to its *Touhy* regulations, is, as *Edwards* instructs, to be reviewed by the court under the standard set forth in the APA." *Id*. The court concluded that "a motion to compel directed against the Department does the job of bringing the APA 'action[]' . . . before the court equally as well as, if not better than, a separate APA claim against the Department." *Id*. at *4–5 (internal citation omitted).

When the DHS denied Plaintiff's administrative demands, Plaintiff brought a motion to

compel directed at the DHS. The subpoenas and discovery requests pertaining to Agent Young in both cases are undisputably administrative demands under *Edwards* and subject to the Administrative Procedures Act. *Edwards*, 43 F.3d at 316. Because the motion to compel is essentially a separate APA claim, it is a "dispositive motion" under Rule 72(b) that must be decided by the district court. *Fed. R. Civ. P.* 72(b) . Under Rule 72(b), this court can only make a report and recommendation to the district court judge regarding the merits of the motion to compel. That said, the court proceeds to the merits.

Under the APA, this court may not reverse an agency's action unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). "To make this finding the court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971). "Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." *Id*.

The DHS regulations state that "No employee, or former employee, of the Department shall, in response to a demand or request, including in connection with any litigation, provide oral or written testimony by deposition, declaration, affidavit, or otherwise concerning any information acquired while such person is or was an employee of the Department as part of the performance of that person's official duties or by virtue of that person's official status, unless authorized to do so by the Office of the General Counsel or the delegates thereof, as appropriate." 6 C.F.R. § 5.44. When a request for testimony is made in compliance with the DHS's *Touhy* regulations, the DHS will consider whether to comply with the request or demand

5

by considering the factors set forth in 6 C.F.R. § 5.48, among any other pertinent considerations. 6C.F.R. § 5.48 lists the following factors:

> (1) Whether such compliance would be unduly burdensome or otherwise inappropriate under the applicable rules of discovery or the rules of procedure governing the case or matter in which the demand arose;
> (2) Whether compliance is appropriate under the relevant substantive law concerning privilege or disclosure of information;
> (3) The public interest;
> (4) The need to conserve the time of Department employees for the conduct of official business;
> (5) The need to avoid spending the time and money of the United States for private purposes;
> (6) The need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated;
> (7) Whether compliance would have an adverse effect on performance by the Department of its mission and duties;
> (8) The need to avoid involving the department in controversial issues not related to its mission.

Here, the DHS has twice denied Plaintiff's request. In each instance, the DHS has presented its reasoning for its decision to not produce Agent Young in a manner that closely reflects its *Touhy* regulations, as listed above. (Def.'s Resp. to Pl.'s Mot. to Compel, p. 8–9, Ex. B.) The parties do not dispute that the DHS has already turned over its official Report of Investigation for the events surrounding Ms. Belbachir's death with limited redactions. The Report of Investigation is a document that reflects the official views of the Office of the Inspector General ("OIG") of the DHS on the investigation. It was compiled by Agent Young and other agents or supervisory personnel from information they gathered during the investigation. (Def.'s Resp. to Pl.'s Mot. to Compel, p. 9.) The court finds that the DHS made its decisions not to produce Agent Young based on pertinent considerations such as conserving government resources and avoiding the production of duplicative information. The decision was

not arbitrary, capricious, or an abuse of discretion and the court does not find clear error of judgment. It is therefore the report and recommendation of the magistrate judge to the district court to deny that portion of Plaintiff's motion seeking to compel the DHS to produce Agent Young's deposition testimony.

      **b.    Video of Hassiba Belbachir at Broadview Services Staging Area**

Plaintiff's request refers to paragraph 21 of Plaintiff's Request for Production, which sought "All audio and videotapes reflecting or pertaining to Hassiba Belbachir and the units in which she was detained during the time she was detained, including at O'Hare or Broadview." (Pl.'s Mot. to Compel, Ex. B, ¶ 21.) In its response to this request, the United States indicated that it received information from a custodian of video recording equipment that a video recording of Ms. Belbachir was preserved on a disk at the request of a supervisor. (*Id.*) However, the United States subsequently interviewed or requested searches of seven additional individuals who would have been in supervisory positions or had access to locations where said disk may have been located. No disk was found and none of the individuals interviewed recalled such a disk existing. (*Id.*) This court finds the United States' attempts to locate this information appear to be reasonable. However, Plaintiff is entitled to any audio or video that exists and the United States is required to make a reasonable inquiry to ascertain existence and if found, produce.

      **c.    Policy and Training Documents**

Regarding policy and training documents, Plaintiff's Motion to Compel refers to paragraphs 13, 23, 26, and 27 of its Request for Production. Paragraph 13 sought "All documents reflecting the United States and its policies, practices and/or customs applicable to

7

the years 2002 through 2007" with regard to six sub-parts lettered 'a' through 'f'. (Pl.'s Mot. to Compel, Ex. B, ¶ 13.) Except for sub-part 'e', all of the requests appear reasonably calculated to lead to the discovery of admissible evidence pertaining to policies, practices, or customs related to detainee health concerns, mental health concerns, supervision of detainee treatment, and communication with detainees. This is particularly true in light of Judge Reinhard's finding that Plaintiff has alleged negligence related to oversight of the detention facilities concerning suicide assessment, prevention, and intervention policies. Sub-part 'e' relates to the United States' policies regarding consular notification, which is not relevant to any cause of action and is governed by federal regulation. Because the United States did not develop the burden that producing the documents requested in paragraph 13 would cause, the court is unable to appropriately assess this request. *See Rubin*, 349 F.Supp.2d at 1111 (The burden is upon the objecting party to show why a discovery request is improper). Therefore, the court orders that the United States shall have 21 days to supplement its response to Plaintiff's request or otherwise produce responsive discovery.

In paragraph 23 of its Request for Production, Plaintiff sought "All documents reflecting United States policies, procedures, practices and customs" concerning four sub-parts related to identifying, ensuring compliance, and communicating with contract facilities that house detainees. (Pl.'s Mot. to Compel, Ex. B, ¶ 23.) As with paragraph 13, this request appears relevant and reasonably calculated to lead to admissible evidence in light of Plaintiff's allegations. The United States shall have 21 days to supplement its response to Plaintiff's request or otherwise produce responsive discovery.

Paragraphs 26 and 27 of Plaintiff's Request for Production concern consular notification

policies for all consulates and as to all detainees from March 9, 2004 through the present. These requests are not relevant or reasonably calculated to lead to the discovery of admissible evidence. The court notes that Judge Reinhard dismissed a claim against the United States regarding consular notification from the *County of McHenry* case, with which this litigation is consolidated for the purpose of discovery. The parameters of Plaintiff's complaint serve to limit discovery, and the complaint does not make clear that the issue of consular notification is an element to be proven in order to establish liability under the FTCA. Finally, the court notes that the United States provided Defendant with a copy of 8 C.F.R. § 236.1, which controls consular notification rights for detainees. (Def.'s Resp. to Pl.s Mot. to Compel, p. 12.) Plaintiff's Motion to Compel is denied as to paragraphs 26 and 27.

        d.     **Federal Employee Personnel Files and Disciplinary Histories**

Paragraph 38 of Plaintiff's Request for Production sought the "complete personnel file for each United States employee who came in contact with or was a supervisor responsible for any aspect of Hassiba Belbachir's case," including performance evaluations or disciplinary actions. (Pl.'s Mot. to Compel, Ex. B, ¶ 38.) Plaintiff subsequently reduced this request to ten specific United States employees who had contact with Ms. Belbachir. (Pl.'s Mot. to Compel, Ex. D, Letter of 4/21/10, p. 4.) However, Plaintiff has not sufficiently demonstrated how discovery of this information is reasonably calculated to lead to the discovery of admissible evidence in the context of this FTCA case seeking damages as a result of the United States' negligent acts or omissions. Plaintiff's Motion to Compel is denied as to employee personnel files.

        e.     **Inspections, Evaluations, and Audits**

Paragraph 14 of Plaintiff's Request for Production sought reports of inspections and evaluations of McHenry County detention facilities by outside agencies dating back to 1995. (Pl.'s Mot. to Compel, Ex. B, ¶ 14.) The court finds the time period to be overly broad, but otherwise finds this request to be relevant and reasonably calculated to lead to the discovery of admissible evidence. In particular, such reports from the period of 2002 to 2007 may lead to information concerning oversight of the detention facilities in question with regard to mental health services. The United States argues that awareness of the existence of such reports by its agents or officials does not equal possession or maintenance. (Def.'s Resp. to Pl.'s Mot. to Compel, p. 14.) Clearly, it need not produce discoverable matters for which it has no knowledge or possession. However, Plaintiff is entitled to discovery of any reports of inspections or evaluations of McHenry County detention facilities produced by third party agencies between 2002 and 2007 within the "control" of the United States. *Fed. R. Civ. P.* 34(a).

      **f.**      **Correspondence with McHenry County**

In paragraph 34 of its Request for Production, Plaintiff sought:

> All correspondence between the United States and McHenry County relating to the expansion of McHenry County facilities, the increase in the number of ICE detainees to be detained at McHenry County Jail and any financial compensation to be paid therefore, including but not limited to any grants, construction cost payments, per diem payments for each detainee.

(Pl.'s Mot. to Compel, Ex. B, ¶ 34.) The court finds that with a limitation to the years of 2002

10

through 2007, this request is reasonably calculated to lead to discovery of admissible evidence only with regard to the production of correspondence relating to expansion of McHenry County Jail and increasing detainee numbers. This information could potentially relate to the United States' reviews, supervision, and assessments of the capacity of its detainee holding facilities. Plaintiff has not justified in its initial pleadings or its Motion to Compel how financial compensation for a proposed jail expansion could be relevant to its FTCA claim. Therefore, Plaintiff's Motion to Compel is granted in part as to paragraph 34.

Plaintiff also included paragraph 7 of its Request for Production in its Motion to Compel. Paragraph 7 sought:

> Any and all documents regarding the negotiations, agreements and communications regarding the acceptance or transfer of immigration detainees to the McHenry County Jail as well as refusal to accept immigration detainees subsequent to Ms. Belbachir's death, dated from 2002 to the present.

(Pl.'s Mot. to Compel, Ex. B, ¶ 7.) For the same reasons expressed regarding paragraph 34, the court limits this request to the years of 2002 to 2007, but otherwise finds it reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's Motion to Compel is granted, in part, as to paragraph 7.

### g. ICE Detainee Grievances

Paragraph 36 of Plaintiff's Request for Production sought "All documents reflecting any complaints or grievances filed against the McHenry County Jail by any I.C.E. detainee for the

11

five years preceding Ms. Belbachir's death." (Pl.'s Mot. to Compel, Ex. B, ¶ 36.) The court finds this request relevant and reasonably calculated to lead to the discovery of admissible evidence. The relative importance of any discovery responsive to this request outweighs the burden described by the United States of having to identify and search detainee files. (Def.'s Resp. to Pl.'s Mot. to Compel, p. 16.) Plaintiff's Motion to Compel regarding detainee complaints or grievances is granted.

      h.      **Compliance With Disability Laws**

Plaintiff sought discovery of additional policy information regarding federal disability laws in paragraph 35 of its Request to Produce. (Pl.'s Mot. to Compel, Ex. B, ¶ 35.) Plaintiff has not included any counts in its complaint that pertain to the Americans with Disabilities Act or Section 504 of the Rehabilitation Act of 1973. The court finds this request to be irrelevant based on the pleadings and denies Plaintiff's Motion to Compel discovery on this subject.

      i.      **Certain Sequential Bates Stamped Documents**

Plaintiff's Motion to Compel the United States to produce all bates-stamped documents regarding this litigation is denied without prejudice. (Pl.'s Mot. to Compel, p. 8.) The court finds the United States' explanation to Plaintiff in its April 29, 2010 letter on this subject sufficient. (Def.'s Resp. to Pl.'s Mot. to Compel, Ex. C.) More importantly, Rule 26(g) requires parties to sign each discovery disclosure and certify that it is complete and correct, a failure of which may result in sanctions. *Fed. R. Civ. P.* 26(g). This obligation obviates the court's need to compel discovery in the manner requested by Plaintiff.

      j.      **Plaintiff's General Requests for All Responsive Documents**

Plaintiff's Motion to Compel seeks additional discovery of all responsive documents

from all locales or where the United States has asserted the phrase "investigation continues." (Pl.'s Mot. to Compel, p. 9.) Again, the court reminds the parties of their obligations under Rule 26 to produce complete and correct disclosures. Rule 26(e) requires a party to supplement its disclosures in a timely manner as additional or corrective information is uncovered. *Fed. R. Civ. P.* 26(e). In light of the discovery obligations already placed upon the parties, the court denies the Motion to Compel as to these requests.

**IV.     Conclusion**

Plaintiff's Motion to Compel is granted, in part. Where the United States has been ordered to respond to Plaintiff's requests discussed herein, it has until September 3, 2010 to produce responsive discovery.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: August 13, 2010