# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50193 | **DATE** | 11/15/2010 |
| **CASE TITLE** | Estate of Hassiba Belbachir vs. United States | | |

**DOCKET ENTRY TEXT:**

Pursuant to the District Court's Order [87] and the agreement of the parties, the magistrate judge has re-examined Plaintiff's motion to compel [53] Defendant to produce deponent Dan Young under Rule 26(b). Plaintiff's motion [53] is granted in part.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

In light of the district court's order of November 1, 2010, the court must now reconsider that portion of Plaintiff's motion to compel [53] seeking the deposition of OIG Investigator Dan Young. As this is a Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., case, and by agreement of the parties, the court now considers this outstanding discovery matter under Rule 26(b) as it did all other discovery matters in its August 13, 2010 order [65]. Rule 26(b) states "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1). Requests for discovery are relevant where they appear reasonably calculated to lead to the discovery of admissible evidence. However, the court must limit discovery if it finds the discovery sought to be unreasonably cumulative or duplicative, or if the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(C). The court must essentially conduct a balancing test weighing the value of the material sought against the burden of providing it. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-82 (7th Cir. 2002).

First, the court must determine whether Plaintiff's request is reasonably calculated to lead to the discovery of admissible evidence. In essence, the question becomes whether there are matters related to Plaintiff's case or Defendant's defenses for which Plaintiff could reasonably need Agent Young's testimony as support. The parties do not appear to dispute that Defendants have already produced a redacted copy of the official OIG Report of Investigation ("ROI"). Defendant has asserted that the ROI is the official, written documentation of the investigation memorializing the OIG's "investigative observations, inquiries, record review, writings, and reviews for the particular investigation" and that Agent Young contributed to the document. (Def.'s Resp. to Pl.'s Mot. to Compel, Dkt. No. 59, p. 9.)

Plaintiff has suggested several potential theories as to the relevance of Agent Young's deposition testimony beyond the scope of factual information in the ROI already produced to Plaintiff. In response to Defendant's April 26, 2010 letter, Plaintiff acknowledged that the report would be admissible under Federal Rule of Evidence 803(8), but asserted that it was seeking to inquire into the investigative process "to establish, *inter alia*, the investigation's legal authority, its credibility, and whether there was any bias during

the investigation and preparation of the report." (Pl's Mot., p. 4, Ex. D.) Plaintiff also claimed that there were statements in the report that may be used at trial to refresh recollection or to impeach, and that Agent Young is required to authenticate the report and to confirm that the statements contained therein were made by the respective witnesses. As part of its response, Defendant suggested that the purposes for which Agent Young prepared the ROI "were far different than the purposes for which parties to either of these civil cases may now seek to use the Report" and went on to describe certain factual and terminology distinctions it intends to make as to the findings in the ROI. (Def's Resp., p. 2-5.) Notwithstanding its intent, Defendant's argument serves to illustrate the type of information about the ROI to which Defendant has access that Plaintiff would not have without the benefit of additional discovery. Defendant also has the benefit of knowing the context of certain statements and descriptions in the report that redactions otherwise conceal. Plaintiff, it would seem, should have the opportunity to discover the same type of information as it appears that the ROI is likely to be admissible at trial. Thus, the court finds that Plaintiff has asserted reasons why deposition testimony from an author of the ROI is likely to lead to the discovery of admissible evidence.

Plaintiff has also asserted that Defendant has produced all other United States employees for depositions without issue, and that there is "no rational basis for treating Young's deposition in different fashion." (Pl's Reply, Dkt. No. 60, p. 4.) The court recognizes that all United States employees are not similarly situated with regard to civil litigation discovery. Consideration must be given to the burden described by Defendant in producing Agent Young so that the court can balance the burden against Plaintiff's need for relevant discovery, as contemplated by Rule 26.

In describing the potential burden, Defendant incorporated the OIG's response to Plaintiff's request as to Agent Young asserting that the OIG has very limited law enforcement resources to conduct investigations into thousands of complaints each year, and that subjecting OIG special agents to depositions in civil suits arising out of their investigations would diminish the OIG's ability to perform its investigative mission. (Def's Resp., p. 8.) Defendant also argues that OIG employees would be placed in a position of questionable impartiality. The court notes that offices of inspector general are intended to be "independent and objective units" of the agencies under which they are created and OIG special agents appear to be uniquely situated within their respective agencies. 5 U.S.C. App. § 2; *See, e.g., National Aeronautics and Space Administration, etc., et al., v. Federal Labor Relations Authority, et al.*, 527 U.S. 229 (1979). In this light, it was not unreasonable for Defendant to evaluate its burden in producing OIG Agent Young apart from other government witnesses. Still, Defendant's arguments as to the burden are consistently restricted to "investigations where the government is not a party." (Def's Resp., p. 8-9.) Because the government is a party to this litigation, the weight of Defendant's concerns about setting a precedent that could result in consumption of limited OIG resources is reduced, while Plaintiff's need for potential discovery from the government is likely to increase.

In balancing the interests of the parties, the court finds that the burden or expense of the proposed discovery does not outweigh the likely benefit it would provide to Plaintiff. The court has also considered Defendant's concerns about the use of OIG law enforcement resources for discovery in civil litigation, and finds that reasonable limitations may be placed on the use such resources. Defendant will have counsel present at Agent Young's deposition to ensure the discovery remains within the limits contemplated by the Federal Rules of Civil Procedure.

For the foregoing reasons, Plaintiff's motion to compel [53] is granted as to the deposition of Agent Young. Defendant is ordered to produce Agent Young for a deposition not to exceed one hour. The deposition is to take place at a reasonable time and in the location where Agent Young is based or a location otherwise stipulated by Defendant.

| | Courtroom Deputy Initials: | BTJ |
|---|---|---|