# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50193 | **DATE** | 8/9/2011 |
| **CASE TITLE** | Belbachir vs. United States | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the magistrate judge's ruling on plaintiff's motion to compel will not be set aside. Plaintiff's objection is denied.

*Philip G. Reinhard*

■ [ For further details see text below.]

Electronic Notices.

## STATEMENT - OPINION

Plaintiff, the Estate of Hassiba Belbachir, objects, pursuant to Fed. R. Civ. P. 72 (a), to the magistrate judge's order denying plaintiff's motion to compel production of an unredacted copy of a document identified as "bates document 2588." Defendant, United States of America, opposes release of this document asserting the deliberative process privilege and the magistrate judge concluded the deliberative process privilege precluded compelling discovery of the subject document. The magistrate judge's order will only be modified or set aside on objection if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72 (a). The clearly erroneous standard is highly deferential and "means the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Miller v. City of Plymouth, No. 09-CV-205, 2011 WL 1458491, *3 (N.D. Ind. Apr. 15, 2011), quoting, Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997). "[T]he district court may not reverse the magistrate judge's decision simply because it would have arrived at a different conclusion." Id., citing Pinkston v. Madry, 440 F.3d 879, 888 (7th Cir. 2006).

"[D]ocuments reflecting the deliberative or policy-making processes of governmental agencies are privileged from disclosure." Enviro Tech Int'l, Inc. v. Envtl Prot. Agency, 371 F.3d 370, 374 (7th Cir. 2004). "The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery." Id. The deliberative process privilege applies to predecisional policy discussions. Id. To qualify for the privilege, a document must be both "antecedent to the adoption of an agency policy" and "actually related to the process by which policies are formulated." Id. at 374-75 (internal quotation marks omitted). The document in question is an internal government email sent March 29, 2005 whose subject line reads "Imprortant (sic). Establishment of Suicide Reviews." The magistrate judge, after an in camera review of the document, concluded that "[t]he information contained in the redacted communication appears to be an attempt by a government decisionmaker to advise on how to proceed with the formulation of policy in light of certain events. It constitutes the very type of information that the deliberative process doctrine was created to protect."

Plaintiff contends the magistrate judge erred in denying the motion to compel production of this

| STATEMENT - OPINION |
|---|

document. Plaintiff argues the government failed to properly and timely assert the privilege, thus waiving it and that even if this failure is overlooked and the privilege is applied, plaintiff has shown a particularized need for the document that outweighs the interests of the government to withhold it.

Plaintiff contends the following is required to invoke the privilege: "(1) the department head with control over the matter must make a formal claim of the privilege, after personal consideration of the problem; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the documents in question; and (3) the official must specifically identify and describe the documents." Evans v. City of Chicago, 231 F.R.D. 302, 316 (N.D. Ill. 2005) (internal citations and quotation marks omitted). Plaintiff points out that the record does not contain any evidence that "the department head with control over the matter" made a formal claim of privilege after personal consideration. There is no affidavit by such a "responsible official" demonstrating the "precise and certain reasons for preserving the confidentiality of the document." Plaintiff maintains this is fatal to the privilege claim because it shows the government did not meet the required threshold showing. See Id. However, courts also have discretion to conduct in camera reviews as an acceptable means of dealing with privilege claims especially where a small number of documents are at issue. See Maynard v. CIA, 986 F.2d 547, 557-58 (1st Cir. 1993); Town of Winthrop v. FAA, No. 08-1703, 2009 WL 1260410, *3 (1st Cir. May 8, 2009) (unpublished).[1] The court has inherent power to control discovery and using an in camera inspection to resolve the dispute here was not clearly erroneous.

The court has reviewed the magistrate judge's order and the document in question and concludes the magistrate judge's decision that the deliberative process privilege covers this document is not clearly erroneous or contrary to law. The document includes advice and opinion concerning possible future agency action. It is not directed to policies existing at the time of Ms. Belbachir's death. It is, as the magistrate judge observed, "the very type of information that the deliberative process doctrine was created to protect."

The magistrate judge aslo concluded that plaintiff had not shown a particularized need for the document. The magistrate judge balanced the needs of the plaintiff against those of the government and concluded the balance fell in the government's favor. The key need for plaintiff is to discover information concerning the policies or practices in place prior to Ms. Belbachir's death. The magistrate judge concluded the document would not be essential to plaintiff's obtaining this information which the magistrate judge saw as discoverable by other means. This decision is not clearly erroneous.

For the foregoing reasons, the magistrate judge's ruling on plaintiff's motion to compel will not be set aside. Plaintiff's objection is denied.

---

1. While these cases arise under the Freedom of Information Act, 5 U.S.C. § 552, most cases dealing with the deliberative process privilege do so and the deliberative process privilege in the FOIA is coextensive with the common law deliberative process privilege. See In re U.S., Misc. No. 885, 2009 WL 905475 , *5, n. 3 (Fed. Cir. 2009) (unpublished).