## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50193<br>06 C 1392 | **DATE** | 11/9/2012 |
| **CASE TITLE** | Belbachir vs. United States | | |

**DOCKET ENTRY TEXT:**

For the reasons set forth below, the magistrate judge's orders [174] [220] in case number 08 C 50193 and [436] [516] in case number 06 C 1392 are upheld as modified.

*Philip G. Reinhard*

■[ For further details see text below.]  Electronic Notices.

### STATEMENT

    This matter is before the court on plaintiff's objections [188] [223] to two nondispositive orders of the magistrate judge [174] [220] allowing some portions of the record to remain under seal.[1] In reviewing a magistrate judge's order in a nondispositive matter, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

    This case and case number 06 C 1392 were consolidated for purposes of discovery. On November 5, 2009, the magistrate judge entered a protective order covering materials to be disclosed by the United States which fell within the scope of 8 C. F. R. § 236.6 which prohibits the disclosure of the name of, or other information relating to, an immigration detainee. On February 3, 2010, the magistrate judge entered another protective order covering the disclosure of "[l]aw enforcement techniques and procedures of a confidential nature" and noting that "[u]nnecessary dissemination or disclosure of such highly sensitive and confidential information during the course of discovery or otherwise could jeopardize the safety of law enforcement agents and others." No objections pursuant to Rule 72(a) were made to these protective orders.

    When the United States filed its motion for summary judgment, it filed its memorandum, statement of facts, and all its exhibits under seal. It did not comply with LR 5.8 which governs filing materials under seal. Rather, in a motion (also filed under seal) for leave to file a brief in excess of the page limits set by local rule and to reference statements of fact filed in 06 C 1392, it states the proposed memorandum and statement of facts are "filed under seal due to the necessity to discuss material subject to protective orders that have been entered in this case." The McHenry County Defendants ( McHenry County, Sheriff Keith Nygren, Chief of Corrections Tom Svoboda, Correctional Officer ("CO") Brad Drach, CO Kevin Ford, CO Keith Gorak, CO Gerald Broderick and CO Daniel Sitkie) likewise filed all of their summary judgment materials under seal in 06 C 1392. Plaintiff moved to unseal all of the documents filed under seal.

    As noted above, the protective orders dealt with the limited issues of information regarding immigration detainees and "[l]aw enforcement techniques and procedures of a confidential nature" which

**STATEMENT**

"could jeopardize the safety of law enforcement agents and others." In addressing the motion to unseal, the magistrate judge directed the United States to review all of the documents filed under seal and determine which of those documents it believed should be unsealed, unsealed with redactions, or remain under seal. The United States prepared this report which recommended unsealing most of the documents but recommended redacting federal law enforcement officers' names, redacting portions of Hassiba's asylum request, redacting "detainee safety information," redacting information concerning the report of alleged use of a fraudulent document, redaction of telephone and ID numbers, redactions related to detainee transfer and security, and redactions of portions of the McHenry Jail Review 2004. The United States proposed only filing the portions of its deposition exhibits that it cited in its memoranda. It maintained that the "Standard Operating Procedure Passenger Processing" must remain under seal. Plaintiff agreed to the redaction of telephone numbers from Exhibit E to the United States motion for summary judgment but opposed any of the other proposed redactions, the limitation to filing only the cited portions of deposition transcripts and keeping any document completely under seal. The magistrate judge adopted the report of the United States and plaintiff filed objections.

The United States also filed reports concerning plaintiff's responses to the summary judgment motions in both cases and to the defendants' replies. These reports recommended similar redactions of federal law enforcement names, "law enforcement sensitive information," "detainee safety information," and keeping Exhibit 9 (a report on others who had committed suicide while detained) to plaintiff's response to summary judgment under seal. Plaintiff agreed to redacting the names of detainees in Exhibit 9 but opposed any other redactions or keeping any other information under seal. The magistrate judge adopted these reports by the United States and plaintiff filed objections.

The magistrate judge's orders are reviewed under the clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." In re Specht, 622 F.3d 697, 701 (7th Cir. 2010); see also, Union Oil Co. v. Levell, 220 F.3d 562 (7th Cir. 2000); Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999). "The strong presumption of public disclosure applies only to the materials that formed the basis of the parties' dispute and the [court's] resolution." Baxter Int'l, Inc. v. Abbott Laboratories, 297 F.3d 544, 548 (7th Cir. 2002).

The documents at issue were offered by the parties in support of, or in opposition to, motions for summary judgment and to dismiss. The United States claims federal law enforcement officers names must be redacted from the documents (i.e., memorandum in support of summary judgment, statement of material facts, index to depositions, index to exhibits to statement of material facts.) However, a review of these proposed redactions and the record shows that the names of federal law enforcement officers appear in documents in the record that are unsealed such as defendant's response [59] to a motion to compel answers to discovery. The United States' inclusion of the names of the officers in this unsealed document belies its claim these names must be redacted in other documents. Federal officers' names also appear in the complaint [1], and plaintiff's motion to compel [53] which includes as an exhibit the United States' response to plaintiff's first set of interrogatories [53-1] which itself includes officers' names. The response to interrogatories did not bear any statement claiming that the disclosure of the officers' names was subject to a protective order. Such a statement was required by the February 3, 2010 protective order [47]. Because the information sought to be redacted is available in other documents available to the public, the order requiring the federal law enforcement officers' names to be redacted was contrary to law.

The United States claims questions and answers between a CBP officer and Hassiba must be redacted pursuant to 8 C.F.R. § 208.6 which prohibits disclosure of information related to an asylum request without the written consent of the applicant. However, the regulation is designed to protect the confidentiality of asylum applicants to prevent "the disclosure of facts that would link the alien's identity with the fact that the alien has applied for asylum." Lin v. United States, 459 F.3d 255, 263 (2nd Cir. 2006). This is to protect the

**STATEMENT**

alien from a further risk of persecution in the alien's home country due to having applied for asylum. See id. at 268. Hassiba's death moots this concern. The United States did not redact references to Hassiba's having applied for asylum when it filed the amended-redacted version of its reply brief. [225]   8 C.F.R. § 208.6 is not a basis for redacting the subject information. The order requiring this information to be redacted was contrary to law.

Another category of information the United States claims should be redacted is "detainee safety information." The redaction of the names of detainees other than Hassiba and any other information relating to them is properly redacted pursuant to 8 C.F.R. § 236.6 which prohibits the disclosure of such detainee information. The United States asked redaction of portions of the depositions of Keith Seegers and Kenneth Ludvigsen and redaction of information in plaintiff's exhibits 8,9,10,12 filed in opposition to the McHenry Defendant's summary judgment motion.. None of the redacted information "formed the basis of the parties' dispute and the [court's] resolution" so the redactions may stand. Baxter, 297 F.3d at 548.

The United States also advances a number of "law enforcement sensitive information" redactions. These include redactions on page 2 of plaintiff's statement of additional facts in opposition to the Centgra Defendants' summary judgment motion, page 56 of plaintiff's statement of additional facts in opposition to the McHenry Defendant's summary judgment motion, pages 5,6, and 7 of plaintiff's statement of additional facts in opposition to the United States summary judgment motion, portions of the deposition of the chief immigration enforcement officer at Broadview, pages 6 and 7 of the Centegra Defendants' response to plaintiff's statement of additional facts, portions of an ICE officer's deposition, portions of the United States' response to plaintiff's statement off additional facts. None of the redacted information "formed the basis of the parties' dispute and the [court's] resolution" so the redactions may stand. Baxter, 297 F.3d at 548.

The United States maintains that it's Standard Operating Procedures Passenger Processing (U.S. Exhibit O & McHenry Exhibit 4) must remain under seal. This document did not form the basis of the court's resolution of this case so it may remain under seal. Baxter, 297 F.3d at 548.

Exhibit 2 to docket number 376 in case number 06 C 1392 was withdrawn and never refiled so it is not in the record.

The United States does not ask that the Stone Park Police radio log (U.S. Exhibit R) remain under seal so it is unsealed.

The McHenry Jail Review 2004 (U.S. Exhibit DD) is proposed to be filed with redactions. The reasons for the redactions are said to be provided in a separate appendix but that appendix is not in the record. In the absence of any articulated reasons for the redactions, the request for redactions must fail. The order allowing these redactions is contrary to law.

Plaintiff's Exhibit 9 in response to the United States' motion for summary judgment is an extensive collection of data concerning other detainee suicides and suicide attempts. The United States asks to keep this document under seal because of the confidentiality obligations of 8 C.F.R. § 236.6. Plaintiff argues this obligation can be satisfied by redacting the confidential information rather than leaving the entire document under seal. The privacy concerns that Section 236.6 seeks to protect are significant. The magistrate judge's decision to protect those interests by sealing the document rather than ordering redactions is not clearly erroneous.

The United States asks redactions in plaintiff's Exhibit 14 in response to the McHenry County Defendants' motion for summary judgment. It seeks to have the information related to an inmate witness redacted (plaintiff does not object to this redaction) as well as information concerning Stone Park personnel. Plaintiff does not specify why he opposes the redaction of the names of Stone Park personnel. The statement in this exhibit of the Stone Park officer was not a factor in the decision of this case so the redaction of the officer's name was not contrary to law. Baxter, 297 F.3d at 548.

For the foregoing reasons, the magistrate judge's orders are upheld as modified.

**STATEMENT**

1. Identical objections [454] [534] and orders [436] [516] were also file in case # 06 C 1392 and this order disposes of those objections and will be entered in that case as well.