## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50193 | **DATE** | 11/9/2012 |
| **CASE TITLE** | Belbachir vs. United States | | |

**DOCKET ENTRY TEXT:**

For the reasons set forth below, defendant's motion for summary judgment is granted. Plaintiff's motion to strike and to file surreply is denied as moot. This case is terminated.

*Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.

---

### STATEMENT-OPINION

Plaintiff, Abdelkader Rachid Belbachir, the administrator of the estate of Hassiba Belbachir, brings this wrongful death action against defendant, the United States of America, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 (b), 2671 et seq. Hassiba Belbachir, plaintiff's decedent, committed suicide March 17, 2005, while being held in the McHenry County Jail pending deportation proceedings. Hassiba was residing in the United States, flew from O'Hare to England, was denied entry by British authorities and returned by them to her point of origin in the United States. At O'Hare, she was denied re-entry into the United States, taken into custody, and ultimately housed in the McHenry County Jail. The complaint alleges that agents of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") and Office of Detention and Removal ("DRO") were negligent and engaged in willful and wanton conduct proximately causing Ms. Belbachir's death. Jurisdiction is proper under 28 U.S.C.§ 1346 (b) (1), which provides exclusive jurisdiction in federal district courts for claims against the United States for money damages for "death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Defendant moves for summary judgment[1].

For the United States to be liable under the FTCA, it must be liable to plaintiff under the law of the place where the act or omission occurred. 28 U.S.C. § 1346 (b); see Carter v. U.S., 333 F.3d 791,793 (7th Cir. 2003). The parties agree that place is Illinois. The Illinois Wrongful Death Act provides a cause of action "[w]henever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof." 740 ILCS 180/1. Plaintiff claims the United States, if it were a private person, would be liable under the Illinois Wrongful Death Act for the death of Ms. Belbachir, because of the negligent and wilful and wanton acts of its employees, and, therefore, is liable under the FTCA.

STATEMENT-OPINION

To recover under the FTCA, plaintiff must show that Hassiba would not have committed suicide had the defendant's employees acted responsibly and that her suicide was a foreseeable as well as actual consequence of the negligence of those employees. Jutzi-Johnson v. Untied States, 263 F.3d 753, 755 (7th Cir. 2001).

Defendant argues it cannot be liable for Hassiba's death to the extent the claim is premised on the acts or omissions of McHenry County Jail, or Centegra, personnel because they were not federal employees. The FTCA only waives sovereign immunity as to federal employees and the waiver does not extend to the acts or omissions of contractors or the employees of contractors who contract with the federal government. 28 U.S.C. § 2671; Logue v. United States, 412 U.S. 521, 528 (1973). Plaintiff does not dispute that defendant cannot be vicariously liable for the acts or omissions of the McHenry County Jail or Centegra employees.

Plaintiff's claim is that defendant is liable for the negligence of its own employees– those who had contact with Hassiba and were responsible for handling her case and those responsible for the oversight of the performance of McHenry County Jail under the contract to house immigration detainees. Plaintiff argues defendant's employees' negligence in the oversight of the jail allowed deficiencies to persist which ultimately caused Hassiba's death– the negligent oversight caused the negligence of the jail personnel which led to her death.

Defendant argues that the discretionary function exception of 28 U.S.C. § 2680 (a) bars an action against it for any claims based on oversight of the jail. Section 2680(a) provides that 28 U.S.C. § 1346(b) (which, as noted above, provides the only basis for a wrongful death claim against the United States) does not apply to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." The intended purpose of the discretionary function exception is "protecting the discretionary policy-related decisions of federal officers from being second-guessed by judges." Collins v. United States, 564 F.3d 833, 840 (7th Cir. 2009) (emphasis in original). While the purpose is to protect policy-related decisions, the exception is not limited to policymaking functions. United States v. Gaubert, 499 U.S. 315, 325 (1991). The exception applies to day-to-day decisions made at the operational or management levels as well. Id. "If the routine or frequent nature of a decision were sufficient to remove an otherwise discretionary act from the scope of the exception, then countless policy-based decisions by regulators exercising day-to-day supervisory authority would be actionable." This is not the rule of our cases." Id. at 334.

Plaintiff argues the discretionary function exception does not apply in this case because the exception does not apply where a "federal statute, regulation, or policy prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive." Id. at 322 (internal quotation marks and citation omitted). Plaintiff contends defendant's employees' negligent actions were deviations from federal agency policies that prescribed a course of action the employees were to follow. Rather than being exercises of discretion, plaintiff maintains the defendant's employees acts and omissions were contrary to mandatory ICE Detention Standards and Detention Management Control Program ("DMCP") and, therefore, outside the protection of the discretionary function exception.

Defendant responds to this argument by asserting that federal law cannot provide the basis for an FTCA claim. Clark v. United States, 326 F.3d 911, 914 (7th Cir. 2003). Defendant argues the violation of a federally-established duty (the ICE Detention Standards and DMCP ) cannot form the basis for an FTCA claim because only a state-law tort is actionable under the FTCA. Id. However, it is not the detention standards that set the duty of care. The duty of care for those in federal custody is fixed by 18 U.S.C. § 4042 and requires safekeeping, care and subsistence of all persons held by the United States. Parrott v. United States, 536 F.3d 629, 637 (7th Cir. 2008). Defendant has not provided any basis for believing Illinois law creates a different standard, id., and, in fact, Illinois law provides jailers owe a duty of care to prisoners, which includes the duty to guard against the possibility of suicide . Dezort v. Village of Hinsdale, 342 N.E.2d 468, 472-73 (Ill. App. 1976). State law governs whether the duty was breached and whether the breach was the proximate cause of the injuries to the detainee in federal custody in the state. See Parrott, 536 F.3d at 637.

STATEMENT-OPINION

The claim is cognizable under the FTCA.

Returning to the discretionary function exception, for it to apply, the conduct alleged must involve an element of judgment or choice and must be a permissible exercise of policy judgment. Reynolds v. United States, 549 F.3d 1108, 1112 (7th Cir. 2008). Defendant does not raise the discretionary function exception as a defense to plaintiff's claims based on the actions of defendant's employees who had contact with Hassiba, and their supervisors. The discretionary function exception is raised only as a defense to claims of negligence by defendant's employees responsible for oversight of the McHenry County Jail and their supervisors. Plaintiff contends these federal employees were required to follow mandatory procedures and, therefore, were not exercising discretion.

The McHenry County Jail was an Inter-Governmental Service Agreement (IGSA) Facility in that it is a political subdivision of a state that housed detainees based on an agreement with ICE. The ICE Detention Standard for suicide prevention and intervention applied by its terms to IGSAs as well as to Service Processing Centers ("SPCs") and Contract Detention Facilities ("CDFs"). An SPC is an immigration detention facility owned by the federal government. A CDF provides detention services under a competitively bid contract with ICE. The Detention Management Control Program is the review process ICE uses for managing compliance with ICE Detention Standards.

Plaintiff argues the DMCP is "full of mandatory language," and does not allow discretion in the review process. However, the DMCP specifically states that "IGSA's are not required at this time to meet all procedures and guidance outlined in the DMCP, they are required to meet the intent of the published Detention Standards."

The DMCP specifically calls for the exercise of judgment in the review process. It states due professional care in conducting the review includes "[u]sing good judgment in conducting the review, assessing the findings, and preparing the report." In discussing the scope of the review, the DMCP states "[r]eviewers should fully utilize the prescribed detention standards and review guidelines to allow for efficient use of resources and to help focus their attention. However, they are not constrained from examining other areas based on the evidence being examined or observation at the review site." The DMCP states "[i]f factors restrict the scope of the review, limit the reviewer's access, or interfere with the reviewer's ability to form objective opinions and conclusions, the RIC [reviewer-in-charge] shall attempt to resolve the problem informally." In describing the phases of the review, the DMCP calls, in the examination phase for "[c]ollecting evidence, usually at the review site, which includes determining whether the evidence is sufficient, reliable, and relevant." In the evaluation phase, the DMCP calls for "[a]ssessing the evidence for deficiencies or need for improvement." In the follow-up phase, the DMCP calls for [e]valuating the facility's response, monitoring corrective action, seeking resolution of any disagreements, and obtaining closure of the review."

It is the judgmental nature of the procedure, not the mandatory nature of the regulations being enforced, that determines the applicability of the discretionary function exception. Cassens v. St. Louis River Cruise Lines, Inc., 44 F.3d 508, 513 (7th Cir. 1995). The review process requires the exercise of judgment. The first prong of the discretionary function exception is met as to the oversight claim.

The second prong is also met. When the governmental policy allows the agent to exercise discretion, it is" presumed that the agent's acts are grounded in policy when exercising that discretion." Gaubert, 499 U.S. at 324. Plaintiff must show facts "which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." Id. at 325. The actions challenged here are all related to the oversight of the jail which is within the scope of permissible exercise of policy judgment.

The next issue defendant argues is that under the Illinois Wrongful Death Act its employees who had contact with Hassiba were not negligent, because they did not breach a duty of care to her. Plaintiff contends defendant's employees were negligent because they failed to properly screen her for medical problems or suicide risk, did nothing concerning her medical condition following her trip to the emergency room, failed to

STATEMENT-OPINION

interview her to determine what her medical issues were and to communicate those issues to the McHenry County Jail.

On March 8, 2005, Hassiba was denied re-entry into the United States when, after having been denied entry in England, she was returned by British authorities to Chicago O'Hare International Airport, her point of origin. She was interviewed by a Custom and Border Protection ("CBP") Officer. The Officer did not ask her any questions concerning medical or mental health issues. She cried at some point during this interview. On March 8, 2005, she was determined to be removable and was taken into immigration custody in order to process an asylum application.

At 11:36 p.m., Hassiba was taken to the Stone Park Police Department to be held. At approximately 2:48 a.m., March 9, 2005, she was taken by ambulance to Gottlieb Memorial Hospital and diagnosed with an acute anxiety reaction, acute gastritis and was given anti-anxiety medication and medication for nausea and gastritis. She was released from the hospital around 6:00 a.m. At approximately 7:00 a.m., she was taken by an ICE Agent to the Broadview Service Staging Area ("BSSA"). No inquiry was made by the transporting officer as to her medical condition. He never asked her if she was a suicide risk. The agent assumed Hassiba did not speak English and did not ask her any questions. The agent did not see her hospital discharge papers. No one told him she had been in the hospital.

The BSSA is not an SPC. Chicago does not have an SPC. The BSSA is a staging facility and medical and mental health screening is not done there. Mental health screening is done when a detainee gets to her permanent housing location. Hassiba was assigned to the McHenry County Jail as her permanent housing location. She was picked up by McHenry County Sheriff transport officers from the BSSA and taken to the McHenry County Jail.

As noted above, the duty of care for those in federal custody requires safekeeping, care and subsistence. Parrott, 536 F.3d at 637. The ICE Detention Standard for suicide prevention and intervention, by its terms, did not apply to the defendant's employees who had contact with Hassiba. While she was with those employees, she was never in an SPC, and an SPC is the only federal facility to which the standard applies.

It is evident from the record that these federal employees did not violate the standard of care. Hassiba was taken to the hospital for the only medical condition she complained of and was treated for the same. She was safely cared for until she was turned over to the custody of McHenry County Jail personnel. She did not commit suicide or harm herself in any way while with the federal employees. There is no indication she was acting in any abnormal way. Plaintiff's claim is that these employees should have engaged in actions that would have allowed them to determine she was suicidal and so prevent her suicide eight days later. But, plaintiff has not demonstrated this was their duty. They performed the duty of keeping her safe while they had her with them. They were not negligent nor was their conduct wilful and wanton.

Defendant also contends plaintiff's negligence claim fails because there is no evidence that the actions of defendant's employees was the proximate cause of Hassiba's suicide. As noted above, to recover under the FTCA, plaintiff must show that Hassiba would not have committed suicide had the defendant's employees acted responsibly and that her suicide was a foreseeable as well as actual consequence of the negligence of those employees. Jutzi-Johnson, 263 F.3d at 755. Under Illinois law, a "proximate cause is one that produces an injury through a natural and continuous sequence of events unbroken by any effective intervening cause. Chalhoub v. Dixon, 788 N.E.2d 164, 168 (Ill. App. 2003).

The evidence shows that while in McHenry County Jail custody, Hassiba was seen and evaluated by a nurse and, on referral from the nurse, a therapist. The therapist spent about an hour with her and concluded she was not an imminent suicide risk. The therapist chose not to place her on suicide watch. There is no evidence that anything the federal employees could have done would override this independent medical evaluation.

For the foregoing reasons, defendant's motion for summary judgment is granted. The contractor exception bars liability for acts or omissions of McHenry County Jail and Centegra personnel. The

**STATEMENT**-OPINION

discretionary function exception bars liability for the acts of federal employees in overseeing the McHenry County Jail. The evidence does not show a breach of a duty of care or proximate cause concerning the acts or omissions of federal employees who had contact with Hassiba so they were not negligent nor liable for wilful and wanton conduct. Plaintiff's motion to strike and to file surreply is denied as moot. This case is terminated.

1. Plaintiff moves to strike defendant's reply to plaintiff's response to defendant's statement of facts and to file a surreply [206]. The court did not consider the defendant's reply to plaintiff's response in deciding the summary judgment motion and the court considered the arguments in plaintiff's motion to file surreply as the surreply. Plaintiff's motion is denied as moot.